COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, McClanahan and Senior Judge Coleman


ANITA LOUISE MURDAUGH
                                      MEMORANDUM OPINION*
v.    Record No. 0233-03-1              PER CURIAM
                                       JUNE 24, 2003
MARSHALL ELMORE MURDAUGH


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Marc Jacobson, Judge

            (Gary W. Searcy, on brief), for appellant.
            Appellant submitting on brief.

            (William R. O'Brien; Bridges, O'Brien &
            Frucci, P.C., on brief), for appellee.
            Appellee submitting on brief.


     Anita Louise Murdaugh (wife) appeals the circuit court's

final decree of divorce incorporating a written agreement signed

by wife and Marshall Elmore Murdaugh (husband).  On appeal, wife

contends the trial court erred by denying her motion to rescind

the agreement on the ground that she was mentally incompetent to

enter into it.  We disagree and affirm the trial court's decision.

                            Background

     The parties married on October 17, 1987.  Wife filed her

bill of complaint seeking a divorce from husband on December 13,

2000.  On August 22, 2002, following a two-hour discussion and

negotiation in the commissioner's office in which both parties'

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

counsel participated, the parties entered into a handwritten stipulation agreement providing for the division of certain property and the payment of spousal support from husband to wife in the amount of eight hundred dollars per month. Both parties signed the agreement, which was witnessed by both counsel.

Wife testified she suffers from Lyme disease, among other ailments. She explained that on the day she signed the agreement she was afflicted by "brain fog, weakness, [and] fatigue" which caused her to not "understand some of the things [her counsel] was saying to [her]."

Wife's doctor, Charles L. Crist, confirmed wife suffers from Lyme disease and elaborated on the symptoms the disease produces. He explained wife had "good days and bad days" and that, based upon the facts wife described to him, he concluded wife did not understand the nature and character of the agreement on the day she entered it. Crist indicated wife told him she had made a "bad decision."

## Analysis

In Virginia, "'marital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law and such will be enforced unless their illegality is clear and certain.'" Parra v. Parra, 1 Va. App. 118, 128, 336 S.E.2d 157, 162 (1985) (quoting Cooley v. Cooley, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980)). Code § 20-109.1 provides that a court in its discretion may incorporate by

-

reference into its final divorce decree "any valid agreement

between the parties."

> The law presumes that every adult party
> who executes an agreement is mentally
> competent to enter into a contract.
> Chesapeake & Ohio Ry. Co. v. Mosby, 93 Va.
> 93, 94, 24 S.E. 916, 916 (1896).  A party
> may rebut that presumption by proof that
> when the person executed the agreement he or
> she lacked the capacity to understand the
> nature and consequences of the transaction.
> Lohman v. Sherwood, 181 Va. 594, 607, 26
> S.E.2d 74, 79-80 (1943).  In order to be
> competent to enter into a legally binding
> obligation, a party is not required to
> exercise good judgment or to make wise
> decisions so long as he or she understands
> the nature and character of the agreement
> and consequences of entering into it.  Thus,
> "weakness of mind short of insanity; or
> immaturity of reason in one who has obtained
> full age; or the mere absence of experience
> or skill upon the subject of the particular
> contract affords per se, no ground for
> relief at law or in equity."  Mosby, 93 Va.
> at 94, 24 S.E. at 916.  The party's capacity
> or condition before and after executing the
> agreement is relevant evidence to determine
> competency, but the dispositive question is
> the individual's mental capacity to
> understand the nature of the agreement and
> the consequences of his or her act at the
> time the agreement is executed.  Price's
> Ex'r v. Barham, 147 Va. 478, 481, 137 S.E.
> 511, 512 (1927).  The party must have
> "sufficient mental capacity to understand
> the nature of and effect of the transaction
> . . . ."  Id. at 482, 137 S.E. at 512.  The
> resolution of conflicting evidence bearing
> on an individual's mental capacity is a
> factual determination to be made by the
> trial court, Waddy v. Grimes, 154 Va. 615,
> 641, 153 S.E. 807, 815 (1930), and it will
> not be disturbed on appeal, unless plainly
> wrong or without evidence to support it.

-

> Pommerenke v. Pommerenke, 7 Va. App. 241,
> 244, 372 S.E.2d 630, 631 (1988).

Drewry v. Drewry, 8 Va. App. 460, 467, 383 S.E.2d 12, 15 (1989).

"The law does not require that one have the ability to make a reasoned judgment concerning an agreement but only that he or she understand the nature and consequences of his acts." Id. at 468, 383 S.E.2d at 16. The trial court determined wife failed to demonstrate she did not understand the nature and consequences of entering into the stipulation agreement. She signed the agreement with the advice of counsel following a two-hour discussion and negotiation of the terms in the commissioner's office. The court found wife's testimony concerning her comprehension of the events on the day she signed the agreement was not credible. Similarly, the court determined Crist's conclusion was based solely on wife's description to him of her condition on that date. "We defer to the trial court's evaluation of the credibility of the witnesses who testify ore tenus." Shackelford v. Shackelford, 39 Va. App. 201, 208, 571 S.E.2d 917, 920 (2002). We cannot say that the trial court's judgment was plainly wrong or without evidence to support it.

Affirmed.

-